Filed 10/18/22 P. v. Whittaker CA5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARCUS DION WHITTAKER,<br><br>    Defendant and Appellant. | F083067<br><br>(Super. Ct. No. MF43433)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County. David W. Moranda, Judge.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Peña, Acting P. J., Meehan, J. and De Santos, J.

# INTRODUCTION

Defendant Marcus Dion Whittaker was convicted of first degree murder and robbery in 2008. The jury also found true a felony-murder special-circumstance allegation the murder was committed during the commission or attempted commission of a robbery pursuant to Penal Code section 190.2, subdivision (a)(17)(A). (Undesignated statutory references are to the Penal Code.) Defendant petitioned for resentencing under Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) in 2021. Before the parties submitted additional briefing and without issuing an order to show cause, the court denied defendant's petition based upon the true finding on the special circumstance allegation. On appeal, defendant contends the court erred in denying his petition on this basis.

We previously affirmed the court's order in an unpublished opinion, *People v. Whittaker* (June 1, 2022, F083067), concluding the record established defendant was ineligible for resentencing as a matter of law based on the true finding on the special circumstance allegation. Defendant petitioned for review. The California Supreme Court granted and held the petition and deferred action pending its consideration and disposition in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). It then transferred the case back to us with directions for our court to vacate our decision and reconsider the cause in light of *Strong*.

We now reverse the court's order and remand the matter for the court to hold further proceedings as provided for in former section 1170.95.

## FACTUAL AND PROCEDURAL HISTORY

In 2008, a jury convicted defendant of first degree murder (§ 187; count 1), with a special circumstance that the murder was committed during the commission or attempted commission of a robbery (§ 190.2, subd. (a)(17)(A)). The jury found "not true" the charged enhancement alleging defendant intentionally and personally discharged a firearm and proximately caused great bodily injury, as defined in section 12022.7, or death, to any person other than an accomplice in the commission of the murder, in

2.

violation of section 12022.53, subdivision (d). The jury also found "not true" an allegation defendant personally used a firearm in the commission of the crime, in violation of section 12022.5. The jury also convicted defendant of two charges of attempted robbery against two different victims (§§ 664, 211; counts 2 & 4) and robbery against another victim (§ 211; count 3), but found the related firearm enhancements to those charges "not true." The jury also convicted defendant of possession of a firearm by a felon (former § 12021, subd. (a)(1); count 5).

In 2021, defendant filed a petition for resentencing pursuant to former section 1170.95, hereafter section 1172.6.[1] After discussing the facts of the case, he asserted "it is clear that the prosecution proceeded against [him] under a theory of felony murder." He argued there was no evidence he intended for his codefendants to kill anyone. He asserted, though his accomplice testified at trial that defendant was the shooter, "it is clear that the jury did not believe his testimony" because it found to be not true the allegations defendant personally used and personally and intentionally discharged a firearm during the murder and attempted robbery. He argued he made a prima facie showing he was tried and ultimately convicted pursuant to the felony-murder doctrine. But he was not the actual killer and did not have an intent to kill. He asserted he satisfied the requirements under section 1172.6 to have his murder conviction vacated. He averred a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory; at trial, he was convicted of first degree murder pursuant to the felony-murder rule; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Senate Bill 1437). He also stated he was not the actual killer; he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the

---

[1]Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For purposes of clarity, we refer to the statute as section 1172.6.

commission of murder; and he was not a major participant in the felony and/or did not act with reckless indifference to human life. He also averred the victim of the murder was not a peace officer in the performance of his or her duties.

Before the People filed a response or additional briefing was submitted, the court summarily denied the petition, reasoning:

> "The jury specifically found [defendant] was a major participant who acted with reckless indifference to human life by making a true finding on a special circumstance as described in subdivision (d) of section 190.2. [Defendant] has failed to make a prima facie case for relief."

## DISCUSSION

Defendant challenges the denial of his petition. We reverse the court's order and remand for further proceedings.

## I.     Senate Bill 1437 and Senate Bill No. 775

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2–3.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, subd. (a)(3), italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

4.

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e), which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The legislation also added section 1172.6, providing a procedure by which defendants whose cases are final can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.) Initially, section 1172.6 permitted those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (Stars. 2018, ch. 1015, § 4, subd. (a).)

In Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), effective January 1, 2022, the Legislature amended the language of section 1172.6 to expand the scope of the petitioning procedure, in part, by expressly permitting persons convicted of attempted murder under the natural and probable consequences doctrine to petition for relief. (Stats. 2021, ch. 551, § 2.) Under the amended statute, an offender may file a petition under section 1172.6 where all three of the following conditions are met:

5.

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;] [¶]

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and] [¶]

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3).)

Upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1172.6, subd. (b)(3).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) If the petitioner has made such a showing that the petitioner is entitled to relief, the court "shall issue an order to show cause." (*Ibid.*) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*) Within 60 days after the order to show cause has issued, the trial court must then hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1172.6, subd. (d)(1).)

## II.   Analysis

Defendant contends he had a due process right to full consideration of his briefing before his petition was denied. He argues the jury's special circumstance finding did not categorically bar him from relief. In support, he contends the California Supreme Court

reexamined the concepts of major participant and reckless indifference to human life in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), and such guidance was not available to his jury because these opinions issued after he was tried and convicted. The People previously asserted the jury's special circumstance finding rendered defendant categorically ineligible for relief, and any error by the trial court in failing to require further briefing or to hold a hearing was harmless. However, they now agree, in light of *Strong*, reversal of the court's order and further proceedings are required.

At the time defendant was convicted of first degree murder, a defendant could be punished by a sentence of death or life without the possibility of parole if the trier of fact found the murder's commission involved one of several statutorily defined special circumstances. (§ 190.2, subds. (a)–(d).) Relevant here, the felony-murder special circumstance applied to defendants who actually killed, who aided a murder with the intent to kill, or who were "major participant[s]" in the underlying felony who acted "with reckless indifference to human life." (§ 190.2, subd. (d).) "The major participant and reckless indifference phrases were 'derive[d] verbatim' from United States Supreme Court precedent concerning the permissible scope of capital punishment for felony murder." (*Strong*, *supra*, 13 Cal.5th at p. 705.)

The California Supreme Court first undertook to provide guidance on the meaning of the major participant and reckless indifference elements in *Banks* and *Clark* after defendant was tried and convicted in this case. (*Strong*, 13 Cal.5th at p. 705; *Banks*, *supra*, 61 Cal.4th at pp. 794, 803; *Clark*, *supra*, 63 Cal.4th at pp. 617–623.) First, in *Banks*, the California Supreme Court identified a series of considerations to help guide the major participant inquiry and "'whether a defendant's culpability is sufficient to make him or her death eligible'" under the Eighth Amendment and California statutory law. (*Strong*, *supra*, at p. 705; *Banks*, *supra*, at p. 803.) Specifically, *Banks* detailed the following factors as relevant to determining whether a defendant is sufficiently culpable

7.

to be death eligible: "What role did the defendant have in planning the criminal enterprise that led to one or more deaths? What role did the defendant have in supplying or using lethal weapons? What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants? Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death? What did the defendant do after lethal force was used?" (*Banks*, *supra*, at p. 803, fn. omitted.) The *Strong* court noted, "[N]one of these considerations is dispositive. Rather, '[a]ll may be weighed in determining the ultimate question, whether the defendant's participation "in criminal activities known to carry a grave risk of death" [citation] was sufficiently significant to be considered "major" [citations].'" (*Strong*, at p. 706.) While focused primarily on the major participant element, *Banks* also discussed "the reckless indifference element." (*Ibid.*; *Banks*, at pp. 807–811.)

Thereafter, in *Clark*, *supra*, 63 Cal.4th 522, the California Supreme Court reiterated the *Banks* standard governing the major participant inquiry, and it provided additional guidance on the reckless indifference element. (*Clark*, at pp. 617–623; accord, *Strong*, *supra*, 13 Cal.5th at p. 706.) "Much as in *Banks*, [the *Clark* court] set out a nonexhaustive list of considerations relevant to this determination, including use of or awareness of the presence of a weapon or weapons, physical presence at the scene and opportunity to restrain confederates or aid victims, the duration of the crime, knowledge of any threat the confederates might represent, and efforts taken to minimize risks." (*Strong*, at p. 706, citing *Clark*, at pp. 618–623.) The *Clark* court acknowledged the major participant and reckless indifference elements—and, thus, the related list of factors to consider—often "'significantly overlap.'" (*Strong*, at p. 706; *Clark*, at p. 615.)

Notably, Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or "was a major participant in the underlying

felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(3); see § 1172.6, subd. (a).) "The latter reference is to the same statute, containing the same two elements, that [the California Supreme Court] clarified in *Banks* and *Clark*, shortly before Senate Bill 1437 was enacted." (*Strong*, *supra*, 13 Cal.5th at p. 710.)

Previously, Courts of Appeal were split on the question of whether a true finding as to a felony-murder special circumstance allegation entered, as in this case, prior to the issuance of the California Supreme Court's opinions in *Banks* and *Clark* rendered a petitioner ineligible for section 1172.6 resentencing relief as a matter of law. (*Strong*, *supra*, 13 Cal.5th at pp. 709–710.) Our Supreme Court granted review in *Strong* to address this issue. (*Id.* at p. 710.)

In *Strong*, the California Supreme Court held a pre-*Banks* and *Clark* special circumstance finding does not preclude a defendant from making out a prima facie case for resentencing under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at pp. 710–711.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id.* at p. 710.) *Strong* explained: "*Banks* and *Clark* both substantially clarified the law governing findings under … section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry." (*Strong*, *supra*, at pp. 706–707.) Said differently, "Senate Bill 1437 requires petitioners seeking resentencing to make out a prima facie case that they 'could not presently be convicted of murder or attempted murder because of changes to … Section 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (a)(3).)" (*Strong*, at p. 717.) And "[a] pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Id.* at

pp. 717–718.) Rather, the *Strong* court held, "For petitioners with pre-*Banks*/*Clark* findings, no judge or jury has ever found the currently required degree of culpability for a first time. Allowing reexamination of the issue under these circumstances does not permit 'a second bite of the apple' because the changes in the law mean there is now 'a different apple.'" (*Id.* at p. 718.)

In light of *Strong*, here, it is clear the court erred in denying defendant's section 1172.6 petition for resentencing at the prima facie stage based on the section 190.2 special circumstance allegation finding. Accordingly, we reverse the court's order and remand for further proceedings as provided for in section 1172.6, subdivision (c) and, if applicable, subdivision (d).

## DISPOSITION

The court's order denying defendant's petition for resentencing is reversed, and the matter is remanded for the court to conduct further proceedings as provided for in section 1172.6, subdivision (c).